CV 14                    4127

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
RICARDO RIVERA,

      Plaintiff,

      -against-

THE CITY OF NEW YORK, POLICE OFFICER
JOHN TERRILLION, TAX NO. 954365 of Patrol
Boro Queens South, and JOHN DOE 1 of the Patrol
Boro Queens South his name being fictitious as it is
presently unknown.

      Defendants.

------------------------------------------------------------------ x

COMPLAINT

ROSS, J.

ORENSTEIN, M.J.

FILED
[CLERK]
'14 JUL -3 AM 11:00
U.S. DISTRICT COURT
EASTERN [DISTRICT]

The plaintiff, complaining of the defendants, by his attorney, MICHAEL FINEMAN, ESQ. respectfully shows to this Court and alleges:

## JURISDICTION AND VENUE

1. Plaintiff brings this action for compensatory damages, and punitive damages pursuant Civil, and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

4. Venue is properly laid in the Southern District of New York under 28 U.SC. §1391(b) and §1391(c), in that the defendant's, the City of New York, offices are located within the District.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R.Civ.P. 38(b).

## PARTIES

6. The plaintiff, is a United States citizen and is a resident of the United States, State of New Jersey.

7. Defendant, the City of New York (hereinafter referred to as NYC), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, NYC, maintains the New York City Police Department a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned, the individual defendants, POLICE OFFICER JOHN TERRILLION, TAX NO. 954365 of Patrol Boro Queens South (hereinafter referred to as TERRILLION), and JOHN DOE 1 of the Patrol Boro Queens South (hereinafter referred to as JOHN DOE 1) were duly sworn police officers of said police department and was acting under the supervision of said police department and according to his official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of defendants, TERRILLION, and JOHN DOE 1, alleged herein were done by said defendants while acting within the scope of their employment by defendant NYC.

12. Each and all of the acts of the defendants, TERRILLION, and JOHN DOE 1, alleged herein were done by said defendants while acting in furtherance of their employment by defendant NYC.

## FACTS

13. Upon information and belief, plaintiff is Hispanic American.

14. Upon information and belief, on or about October 10, 2013 at approximately 2:20pm plaintiff was driving in the vicinity of 166-21 Jamaica Avenue, Queens County, New York inside a 2007 Saturn he purchased lawfully on August 31, 2013.

15. Upon information and belief, at the above time, date and location, plaintiff was pulled over by TERRILLION and JOHN DOE 1 and removed from his vehicle by said individuals.

16. Upon information and belief, at the above time, date and location, TERRILLION and JOHN DOE 1 place handcuffs on plaintiff and proceeded to search the plaintiff's person, including his pockets and under his clothing.

17. Upon information and belief, at the time of the above-described search and seizure of the plaintiff, TERRILLION and JOHN DOE 1 lacked any information to believe that the plaintiff had just committed a crime, and lacked any reasonable suspicion or probable cause to search and seize the plaintiff.

18. Upon information and belief, when the plaintiff inquired why TERRILLION and JOHN DOE 1 were searching and seizing the plaintiff, TERRILLION and JOHN DOE 1 threw the plaintiff against his aforementioned Saturn vehicle, and accused the plaintiff of driving a stolen vehicle.

19. Upon information and belief, TERRILLION and JOHN DOE 1 seized a temporary license plate from plaintiff's vehicle.

20. Upon information and belief, defendant TERRILLION falsely communicated to the District Attorney of Queens County that the plaintiff possessed a forged instrument.

21. Upon information and belief, plaintiff was held in excess of twenty-four hours before being produced by the New York City Police Department for Arraignment in the Criminal Court of the County of Queens.

22. Upon information and belief, defendant TERRILLION did intentionally and falsely complete a sworn statement stating that plaintiff was in possession of a forged instrument.

23. Upon information and belief, the underlying criminal action was resolved on October 11, 2013 with an adjournment in contemplation of dismissal pursuant to New York State Criminal Procedure Law Section 170.55, and was ultimately dismissed and sealed on April 10, 2014.

## PENDENT STATE CLAIMS

24. That Notice of the Plaintiff's Claims for violation of civil rights, false arrest, false imprisonment, assault and battery, punitive damages, negligence in hiring and retaining, negligence in performance and negligence in training and supervising, the nature of the claims and the date of, the time when, the place where and the manner in which the claims arose were duly served upon the Comptroller of the defendant, CITY OF NEW YORK, on or about December 6, 2013.

25. That more than thirty days have elapsed since the Notice of Claim has been served upon the defendants and the said defendants have neglected or refused to make an adjustment or payment thereof which is satisfactory to plaintiff.

26. That this action is commenced within one year and ninety days after the cause of action arose.

## FIRST CAUSE OF ACTION FOR DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C.§ 1983

27. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

28. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

29. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

33. Upon information and belief, the above described conduct, including the unlawful search was directed towards plaintiffs because plaintiff is Hispanic, and defendant NYC has a policy or custom of stopping, searching and detaining Hispanic Americans based on their ethnic background without reasonable suspicion or probable cause that a crime has been committed.

34. Upon information and belief, members of plaintiff's protected class, Hispanic Americans, are disproportionately stopped and searched without reasonable suspicion or probable cause that a crime has been committed by members of the New York City Police department, relative to white members of the community at large evidencing a policy or custom by defendant NYC of discriminating against the Hispanic American Community at large in the City of New York.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as a police officers, with malice and discriminatory intent based on plaintiff's national origin and ethnic background and physical appearance.

36. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer mental anguish, and anxiety.

37. That by reason of the aforesaid, the plaintiff has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS and is entitled to an award of punitive damages.

### SECOND CAUSE OF ACTION FOR FALSE ARREST UNDER 42 U.S.C. § 1983

38. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

39. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause,

privilege or consent in violation of the Fourth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

40. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

41. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with malice and discriminatory intent based on plaintiff's national origin, ethnic background and physical appearance.

42. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer mental anguish, and anxiety.

43. That by reason of the aforesaid, the plaintiff has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS and is entitled to an award of punitive damages.

44. Kk

## THIRD CAUSE OF ACTION FOR DEFAMATION, INCLUDING LIBEL AND SLANDER PER SE UNDER NEW YORK STATE LAW

45. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

46. On the above-mentioned date, the defendants, through the actions of their employees and agents TERRILLION and JOHN DOE 1, made false and defamatory statements that plaintiff possessed a forged license plate and registration to the queens county district attorney's office, resulting in injury to plaintiff, including to his reputation.

47. The statements of the defendants were defamatory per se and cast aspersions upon the basic character and integrity of plaintiff.

48. Each and all of the acts of TERRILLION and JOHN DOE 1 alleged herein were done by said persons while acting within the scope of their employment by defendant NYC.

49. The acts complained of were carried out by each and all of the acts of TERRILLION and JOHN DOE 1 alleged herein were done by said persons while acting within the scope of their employment by defendant NYC in their capacities as employees of NYC, pursuant to the customs, usages, practices, procedures, and rules of defendant NYC , all under the supervision, and with the consent of managing and supervising employees and agents of defendant NYC.

50. By reason of the foregoing, plaintiff requests that this Court award him, a money judgment, in an amount to be determined at trial, for the physical and mental distress, anguish, pain and suffering he experienced as a result of said defendant's offensive conduct in an amount not less than the sum of TEN MILLION ($10,000,000.00) DOLLARS and is entitled to an award of punitive damages.

## THIRD CAUSE OF ACTION FOR NEGLIGENCE AS AGAINST DEFENDANT NYC

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in prior paragraphs with the same force and effect as if more fully and at length set forth herein.

52. That the defendant NYC was negligent, careless and reckless in hiring and retaining as and for its employees, particularly defendants TERRILLION, and JOHN DOE 1 in that the said defendants lacked the experience, deportment and ability to be employed by defendant NYC; in that NYC failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendants TERRILLION, and JOHN DOE 1 who lacked the mental capacity and the ability to function as employees of defendant NYC; in that the defendant NYC failed to investigate the above named defendants' background and in that it hired and retained as employees of their police department individuals who were unqualified in that TERRILLION, and JOHN DOE 1 lacked the maturity, sensibility and intelligence to be employed when hired to be employee; and, in that the defendants, their agents, servants and employees were otherwise careless, negligent and reckless.

53. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical and mental distress, anguish, pain and suffering.

54. That by reason of the aforesaid, the plaintiff has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

Dated: New York, New York
       July 2, 2014

        Very truly yours,

        THE LAW OFFICE OF MICHAEL FINEMAN, ESQ.

By: _____
Michael Fineman, Esq. (MF0282)
Attorney for Plaintiff,
RICARDO RIVERA,
225 Broadway, Suite 3604
New York, New York 10007
Tel: (212) 233-4500
Fax: (212) 233-4501